UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REGINALD TIMOTHY BRADSHAW,

    Plaintiff,                      Hon. Janet T. Neff

v.                                            Case No. 1:20-cv-1035

GRETCHEN WHITMER, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion to Dismiss or Transfer Case. (ECF No. 8). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be granted in part, denied without prejudice in part, and this action terminated.

## BACKGROUND

In his complaint (ECF No. 1) Plaintiff alleges the following. In 1996, Plaintiff was convicted of three counts of Criminal Sexual Conduct. Following his conviction, Plaintiff was subject to the requirements of Michigan's Sex Offender Registration Act (SORA). Michigan has subsequently amended SORA multiple times and applied such retroactively to offenders such as Plaintiff. The Sixth Circuit, in *Does #1-5 v. Snyder*, 834 F.3d 696 (6th Cir. 2016), held that the retroactive application of the SORA amendments violated the Ex Post Facto Clause of the United States Constitution.

Plaintiff initiated the present action against Gretchen Whitmer, Governor of the State of Michigan, and Joseph Gasper, Director of the Michigan State Police. Plaintiff requests declaratory and injunctive relief prohibiting Defendants from enforcing against him the unlawful SORA amendments. Defendants now move to dismiss Plaintiff's complaint or, in the alternative, transfer this action to the United States District Court for the Eastern District of Michigan. Plaintiff has responded to Defendants' motion.

## ANALYSIS

On August 30, 2016, a lawsuit was initiated in the United States District Court for the Eastern District of Michigan by John Doe challenging the retroactive enforcement of the SORA amendments. *Doe v. Snyder*, 2:16-cv-13137 (E.D. Mich.). The suit was initiated against Richard Snyder and Kriste Etue, the then Governor and Director of the Michigan State Police, respectively. (*Id.* at ECF No. 1). Several additional John Doe plaintiffs later joined the case. (*Id.* at ECF No. 34).

The plaintiffs brought the action on behalf of themselves as well as those "who are or will be subject to registration under Michigan's SORA." (*Id.*). The court granted class certification in the matter pursuant to Federal Rule of Civil Procedure 23(b)(2). (*Id.* at ECF No. 46). Certification under this provision is appropriate where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

2

Based on Plaintiff's allegations, he is a member of the class that was certified in the Eastern District action. Plaintiff concedes that he is a member of this class. Because Plaintiff is a member of the class, he is precluded from opting-out of that action and pursuing relief separately from the Eastern District action. *See, e.g., Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 362 (2011) (Rule 23 "provides no opportunity for (b)(1) or (b)(2) class members to opt out"); *Spencer v. Gasper*, 2020 WL 5665238 at *9-10 (W.D. Mich., Aug. 31, 2020) (recognizing that members of the class in *Doe v. Snyder* cannot opt out and seek relief in a separate action).

Plaintiff does not appear to dispute Defendants' argument that he cannot maintain the present action. (ECF No. 10). Plaintiff concedes that he is a member of the class in *Doe v. Snyder*. Plaintiff further alleges that in response to the present motion he offered to dismiss the present action, but that he received no response from Defendants regarding his proposal. It seems clear from Plaintiff's response that more than anything he is frustrated that the Eastern District litigation has taken so long to conclude. As Plaintiff notes, that action "has been pending resolution for over four (4) years, and there appear[s] to be no end in sight." As others have noted, judicial resolution of the claims in *Doe v. Snyder* was delayed for several years in the hope that the Michigan legislature would correct the deficiencies in SORA identified by the Sixth Circuit. *See Spencer*, 2020 WL 5665238 at *9.

While the court in *Doe v. Snyder* concluded that the class is entitled to permanent injunctive relief (*Doe v. Snyder*, ECF No. 84) more than one year has passed since this determination and judgment has still not entered. Thus, the Court well understands

3

Plaintiff's frustration. Nevertheless, this Court is without authority to address these concerns and cannot permit Plaintiff to pursue the present action. Accordingly, the undersigned recommends that Defendants' motion to dismiss be granted. As for Defendants' alternative request that the present matter be transferred to the Eastern District, the undersigned recommends that such be denied without prejudice.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants' Motion to Dismiss or Transfer Case (ECF No. 8) be granted in part and denied without prejudice in part, as detailed herein, and this action terminated. For the same reasons underlying this recommendation, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: March 5, 2021                    /s/ Phillip J. Green
                                       PHILLIP J. GREEN
                                       United States Magistrate Judge